**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Bar of Arizona, | No. CV-15-02391-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Jeffrey D. Moffatt, | |
| Respondent. | |

The State Bar of Arizona has filed a motion to remand this matter to the Arizona bar disciplinary process. Doc. 5. Respondent Jeffrey D. Moffatt opposes remand. Doc. 10. The Court will grant the State Bar's motion.

On November 3, 2015, the State Bar filed a complaint against Mr. Moffatt with the Presiding Disciplinary Judge of the Arizona Supreme Court. Doc. 1, Ex. A. Mr. Moffatt is an attorney licensed to practice law in Arizona, and the State Bar's complaint alleges that he engaged in unethical conduct. *Id*. Mr. Moffatt removed the matter to this Court under 28 U.S.C. § 1441(a), asserting diversity and federal question jurisdiction. Doc. 1.

Pursuant to the removal statute, any "civil action" brought in state court over which the federal district courts have "original jurisdiction" may be removed to the federal district court in the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction, and the burden of establishing federal jurisdiction falls on the party invoking the statute. *California Ex Rel.*

*Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

An Arizona bar disciplinary proceeding is not a "civil action" within the meaning of 28 U.S.C. § 1441(a), and therefore is not subject to removal under that statute. *See Supreme Court of California v. Kinney*, No. 3:15-CV-01552 LB, 2015 WL 3413232, at *5 (N.D. Cal. May 27, 2015) ("the disciplinary proceedings formerly pending before the State and now pending before the California Supreme Court are not "civil actions"; they are *sui generis*, neither civil nor criminal in character. As such, they may not be removed to federal court pursuant to the general removal statute." (citations omitted)); *Alaska Bar Assoc. v. Dickerson*, 240 F.Supp. 732, 734 (D. Alaska 1965) ("The complaint before the Grievance Committee clearly discloses that it is simply a disciplinary proceeding wherein it is alleged that respondent's conduct violated certain rules of the Alaska Bar Association. As such it is not a civil action within contemplation of the federal removal statute."); *see also In re Doe*, 801 F.Supp. 478, 484 (D. N.M. 1992) (remanding an action removed under 28 U.S.C. § 1442 – which allows for removal of a "civil action or criminal prosecution" brought against a federal officer or agency – and stating: "In light of the regulatory function of a disciplinary proceeding which federal courts have consistently left in state hands, the Court finds this disciplinary proceeding is not a 'civil action' against nor a 'criminal prosecution' of John Doe.").

In addition, a bar disciplinary proceeding is not a matter over which the federal district courts have "original jurisdiction" as required by the removal statute. 28 U.S.C. § 1441(a). It is state bar regulatory matter entrusted exclusively to the jurisdiction of the Arizona Supreme Court. *See In re Riley*, 691 P.2d 695, 698 (Ariz. 1994).

Mr. Moffatt cites no authority for the proposition that such a matter can be removed to federal court. He relies primarily on *Miller v. Washington State Bar*, 679 F.2d 1313 (9th Cir. 1982), but that case did not concern removal of a bar disciplinary

proceeding to federal court. The plaintiff in *Miller* brought an action directly in federal court under 42 U.S.C. § 1983. *Miller* does not stand for the proposition that bar disciplinary proceedings can be removed to federal court under 28 U.S.C. § 1441(a). To the contrary, *Miller* acknowledges the established rule "that orders of a state supreme court relating to discipline and disbarment of members of its bar could be reviewed only by the United States Supreme Court on certiorari to the state court, and not by means of an original action in a lower federal court." *Id.*

Moffatt also argues that matters pending before state administrative agencies may be removed to federal court under § 1441(a), but this position has been squarely rejected by the Ninth Circuit. *See Oregon Bureau of Labor & Indus. ex rel. Richardson v. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 419 (9th Cir. 2002) ("We therefore hold that 28 U.S.C. § 1441(a) does not authorize removal of proceedings from an administrative agency, regardless of how court-like the proceedings may be. The statute authorizes removal only if the action is pending in a state *court*.").

Mr. Moffatt's other arguments largely concern the merits of his claim and the constitutional rights be believes are being violated. They do not establish his right to removal in light of the authorities cited above.

Mr. Moffatt has failed to carry his burden of showing that removal to this Court was proper. The Court will remand this matter to the Arizona State Bar disciplinary process.

**IT IS ORDERED** that the Arizona State Bar's motion to remand (Doc. 5) is **granted**. This matter is remanded to the Arizona State Bar disciplinary process. The Clerk is directed to terminate this federal action.

Dated this 16th day of December, 2015.

_____
David G. Campbell
United States District Judge